IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **BASIL ABDUL RASHEED** § | |
| § | |
| V. § | No. 5:23CV129-RWS-JBB |
| § | |
| **JUDE MARCHETTE, MARY** § | |
| **MARCHETTE, AND JUDE** § | |
| **MARCHETTE, JR.** § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above *pro se* case has been referred to the undersigned Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The undersigned, having carefully reviewed the allegations contained in Plaintiff's amended complaint (Dkt. No. 11), recommends Plaintiff's above-entitled and numbered cause of action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### BACKGROUND

*Plaintiff's complaint*

On November 7, 2023, Basil Abdul Rasheed ("Plaintiff"), proceeding *pro se*, filed a form General Complaint against Jude Marchette, Mary Marchette, and Jude Marchette, Jr. ("Defendants"). Among other things, Plaintiff alleges as follows:

> Discrimination Hate Crimes, Conspiracy Jude Marchetta; Mary Marchetta; Jude Marchetta Junior. Texas has a squatters law. Defendants prior to occupance of 410 Lake Drive criminal trespass. Burglary of 412 Lake Drive. Theft of property. This December of 2005.
>
> \* \* \*
>
> On this date 9/29/2023, I purchase[d] a self propelled mower. . . . The Murry self propelled was made inoperable. Jude Marchett[e], Mary Marchette, Jude Marchette Junior conspire to own 412 Lake Drive. . . . Squatters. The 911 calls in concer[n] 406 Lake Dr. the Mexican prior resided ran off by [sic] Marchett[e]s. . . .

> Marchett[e]s do not want the grass cut. He saw the grass was being cut call 911. Patrol officer drove up. Came to me. "I did not call you." "I want to talk to you." Jude was yelling officer. I could not understand speech. Officer and I talked. Jude yelling to officer. Back up came. Same, same we talked. "His wife, I have been raping her." Mind you he has dogs in residence. Perhaps (2) two. . . .
>
> * * *
>
> . . . For (18) eighteen years Jude and family has destroyed all lawn mowers. The . . . Snapper was repaired several times. . . . Jude has taken one of my. . . saws. . . . He burned [sic] the blade and chain up. . . . The conspires denies occupants [sic] of 406 Lake Dr. 412 Lake Dr. and 205 Brown Street of existence [sic] and freedom of movement. Having no knowledge of why and what these conspirator[s] have against air in tires! Cars, truck, dollies, air compressor, bicycles. . . .
>
> * * *
>
> . . . Jude lets his dog out. When I exits the door dog starts barking. Nights they conspire criminal activity [sic]. Mary Marchett[e] worked at the Dollar General. . . . I asked Jude is that your wife at the Dollar Store on East 9th Street. "Yes, that's her but not for long. I already have checks for me and my son. I am going to get her one too [sic]." This a country town and all people is country. Mary quit. She gets a check also and food assistance, the (3) three sleep days criminals nights. . . .
>
> If the Federal Government and State of Texas were feeding and funding cash (fraudulent) Marchett[e]s that is also racketeering! Conspirators being feed and funded to allow the criminal nights. . . .
>
> * * *
>
> If eighteen (18) years of this criminal is not enough the four (4) officer witness travel between properties [sic] can't be done now. Nor grass cut challenge! Accused of rape (4) witness hearing. . . . All should be reported [to] Social Security Administration and Human Services! . . .
>
> These benefits cash and food should be reimburse[d] to United States Federal Government and the State of Texas. Fraud. The Jude family were . . . employed in the Metropolis New Orleans . . . prior to locating in the country town of Texarkana, Texas and its country peoples!

Dkt. No. 1 at 5, 7-10. Plaintiff requests exemplary and punitive damages of $150,000.00 and the return of all tools, equipment, and materials. *Id.* at 6. Plaintiff further requests that all social security and human service benefits be "reversed. Federal Government and State of Texas." *Id.*

In his "Response to Order," Plaintiff states Defendants moved to Texarkana from New Orleans in 2005 after Hurricane Katrina and burglarized Plaintiff's business in 2005. Dkt. No. 7 at

1. Plaintiff further states all trucks and cars were made inoperable and battery acid was poured over the "living room couch, love seat, and carpet." *Id.* Plaintiff states he changed the locks but nothing stops Jude Marchette. *Id.* (stating "he opens all and any" locks).

***January 24, 2024 Order to amend***

On January 11, 2024, Plaintiff filed a motion requesting that the Court authorize the United States marshal to serve the summonses.[1] Dkt. No. 7. In considering the request, the Court reviewed Plaintiff's complaint, which required the undersigned to address whether the Court has jurisdiction. In an order dated January 24, 2024, the undersigned explained to Plaintiff, among other things, that federal courts are courts of limited juridiction, and that because Plaintiff chose to file a lawsuit in federal court, it is Plaintiff's burden to establish the Court has either federal question or diversity jurisdiction over this case. Dkt. No. 9 at 5.

The order explained Plaintiff failed to allege claims which invoke federal question jurisdiction, noting Plaintiff generally cites "discrimination, hate crimes, conspiracy," Texas' "squatters law," criminal trespass, burglary, and theft of property. *Id.* at 5-6 (citing Dkt. No. 1 at 5). The order further explained Plaintiff fails to properly invoke the Court's diversity jurisdiction because Plaintiff and Defendants all reside in Texas and thus share the same citizenship. *Id.* at 6. Rather than recommend dismissal, Plaintiff, who is representing himself, was given an opportunity to amend his complaint. *Id.* at 6-7. To that end, Plaintiff was ordered to file an amended complaint within twenty days from receipt of the January 24 Order, that clearly established this Court has federal question or diversity jurisdiction. *Id.* at 7 (noting that the Court's ruling on Plaintiff's request for court-authorized service of process (Dkt. No. 7) is stayed until such time as the Court determines

---

[1] Plaintiff paid the filing fee on November 9, 2023 but summonses were not issued on that date. Therefore, on January 8, 2024, the undersigned issued an Order instructing the Clerk of the Court to issue summonses to Plaintiff so he could serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). *See* Dkt. No. 5. Three days later, Plaintiff requested that service be made by the United States Marshal. Dkt. No. 7.

whether it has jurisdiction over this cause of action). Plaintiff was advised that failure to file an amended complaint and/or to cure the deficiencies identified in the January 24 Order within the time prescribed would result in a recommendation to the District Court that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction and/or as frivolous. *Id.*

## APPLICABLE LAW

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or by Congress. *Johnson v. U.S.*, 460 F.3d 616, 621 n. 6 (5th Cir. 2006); *see also Dyche v. US Env't Servs., L.L.C.*, 72 F. Supp. 3d 692, 694 (E.D. Tex. 2014). Thus, the Court has an independent duty to examine its own subject matter jurisdiction. *See, e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *see also Said v. Gonzales*, 488 F.3d 668, 671 (5th Cir. 2007) (noting subject matter jurisdiction must be raised *sua sponte*, if necessary). A district court's original subject-matter jurisdiction consists of **either federal question jurisdiction or diversity jurisdiction**. *Hitchins v. Gale*, No. 2:18-CV-95, 2018 WL 7502403, at *5 (S.D. Tex. Nov. 7, 2018), *report and recommendation adopted*, No. 2:18- CV-95, 2019 WL 1003141 (S.D. Tex. Mar. 1, 2019) (citing 28 U.S.C. §§ 1331, 1332).

Courts are to liberally construe the pleadings of a *pro se* party, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under

[the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

## DISCUSSION

The Court has allowed Plaintiff an opportunity to amend his complaint to provide additional facts, if true, that would establish the Court has subject matter jurisdiction under either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. As explained below, Plaintiff has failed to meet his burden to establish this federal court has jurisdiction. Therefore, this lawsuit must be dismissed. *See, e.g., Smith-Lindley v. Tex., Dep't of Family & Protective Servs.*, No. 3:12-cv-4819-K, 2013 WL 4766850, at *1 (N.D. Tex. Sept. 5, 2013) ("A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction.").

### *Plaintiff's amended complaint*

On February 7, 2024, Plaintiff filed a "Respond to Order," which the Court construes as Plaintiff's amended complaint. Dkt. No. 11. The first five pages of the amended complaint contain allegations which do not relate to the current defendants or claims before the Court. *See* Dkt. No. 11 at 1-5 (referencing, among other things, a former U.S. Marshal who allegedly told Plaintiff (at some point in the past and presumably in connection with another case) to leave the courthouse; Plaintiff's son's having pleaded guilty before District Judge Hickey of the Western District of Arkansas; Texarkana, Arkansas police officer Turner Freeman's being allowed to make traffic stops on the Texas side of Texarkana; and vague references to discrimination, unreasonable search and seizure, and due process). Plaintiff addresses Defendants starting on page six of the amended complaint. *Id.* at 6 (stating "the Marchettes use my home and business for (19) nineteen years now," "2008 anxiety, depression," "every tool needed gone," "the destruction of all lawn mowers," and "any sane being sees the claim and complaint!"). Plaintiff provides the following "Statement of Claim:"

> Jude Marchette; Mary Marchette and Jude [sic] Marchette, Jr. 410 Lake Dr Texarkana Texas 75501. Has cause[d] Plaintiff anxiety, depression and mental distress.
> (19) nineteen year of criminal trespassing theft of properties [sic] burglary of business 412 Lake Dr. and 205 Brown Street Texarkana Texas, (2) two diamond rings, tools, Battery acid poured [sic] over new . . . love seat and carpet. All can be view[ed] at address stated. Lawn mowers used and returned destroyed. . . . The Marchettes own property in Arkansas and Texas. Grass must be cut. . . . Truck and cars 205 Brown Street destroyed can be seen also. If you see it you believe it. . . . Not frivolous.

*Id*. at 7. Plainiff seeks $80,000 and the return of all his property. *Id.*

***Federal question jurisdiction – applicable law and analysis***

Under 28 U.S.C. § 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)) (emphasis added).

As noted in the January 24 Order, Plaintiff's original complaint generally referenced "discrimination, hate crimes, conspiracy," Texas' "squatters law," criminal trespass, burglary, and theft of property, naming his apparent neighbors as the defendants. Dkt. No. 9 at 6 (citing Dkt. No. 1 at 5). Plaintiff's amended complaint again references criminal trespassing, theft, and burglary, but without any reference to any Constitutional provision, federal law, or treaty under which such claims might arise. The facts alleged by Plaintiff do not raise a substantial, disputed question of federal law.

Nor do the allegations reflect that there is federal jurisdiction over any possible state law claims.[2] Thus, Plaintiff has not established the Court has subject matter jurisdiction under § 1331 to decide Plaintiff's claims.

### *Diversity jurisdiction – applicable law and analysis*

For a plaintiff to invoke the diversity jurisdiction of the court, there must exist complete diversity between the parties and the plaintiff must allege facts that show that the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332. The diversity statute requires complete diversity of citizenship, meaning that all persons on one side of the controversy must not share the same citizenship as any one person on the other side. *Hitchins v. Gale*, No. 2:18-CV-95, 2018 WL 7502403, at *5 (S.D. Tex. Nov. 7, 2018), *report and recommendation adopted*, No. 2:18-CV-95, 2019 WL 1003141 (S.D. Tex. Mar. 1, 2019) (citing *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010)). Citizenship for an individual is synonymous with the person's domicile. *Eng. v. Aramark Corp.*, 858 Fed. Appx. 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009)).

Plaintiff alleges he resides on Brown Street in Texarkana, Texas. Although Plaintiff's amended complaint alleges Defendants own property in Arkansas and Texas, Plaintiff alleges Defendants reside on Lake Drive in Texarkana, Texas. *See* Dkt. No. 1 at 15; *see also* Dkt. No. at 6 (stating with regard to Defendants, "how great is it to have property and business next door and house directly behind"). What is more, summonses were issued to Defendants' address in Texarkana, Texas based on the information provided by Plaintiff. *See* Dkt. No. 6 (summonses). Therefore, there is not complete diversity between the parties, and the Court does not have diversity jurisdiction.

---

[2] "[I]f a complaint pleads only state law claims, a federal court generally does not have jurisdiction over that complaint." *Lil Audrey's Safe Place & all Other Occupants of 2505 Southmore Boulevard v. City of Houston*, No. CV H-13-2710, 2013 WL 12141355, at *1 (S.D. Tex. Oct. 11, 2013).

In sum, Plaintiff has not properly alleged a federal question or complete diversity of parties. As such, the Court cannot hear this matter because it does not have subject matter jurisdiction. Accordingly, it is

**RECOMMENDED** that the above-entitled and numbered cause of action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Message to the *pro se* plaintiff

Mr. Rasheed, this is a *federal* court. For this Court to hear your case, you must show that your claims against the Marchettes involve a *federal* issue <u>or</u> that none of the Marchettes reside in your home state of Texas. Your complaint and amended complaint only raise *state* law claims (that your

neighbors trespassed, stole/damaged your property, or similar) and make clear that you and the Marchettes reside in Texas. Therefore, this Court cannot hear your case. If you disagree, you can file objections as instructed above.

SIGNED this the 7th day of March, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE