IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **BASIL ABDUL RASHEED,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-00129-RWS-JBB |
| | § | |
| **JUDE MARCHETTE, ET. AL.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff Basil Abdul Rasheed's objections to the Magistrate Judge's Report and Recommendation. Docket No. 16. For the reasons set forth below, Plaintiff's objections are **OVERRULED** and the above-captioned case is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff, a *pro se* litigant, filed a complaint against Defendants Jude Marchette, Mary Marchette, and Jude Marchette, Jr. Docket No. 1. Plaintiff and all three Defendants are residents of Texas. *Id.* at 4. Plaintiff alleges that Defendants are liable for discrimination, hate crimes, conspiracy, violation of Texas's squatters law, destruction of property, criminal trespass, burglary, defamation, and other state law claims. *See id.* at 5, 7–10. Plaintiff also complains that the Federal Government and the State of Texas are feeding Defendants and wants Defendants' behavior reported to the Social Security Administration and Human Services. *See id.* Plaintiff seeks punitive damages and injunctive relief, such as the return of all tools and equipment. *Id.* at 6. In a subsequent filing Plaintiff alleges Defendants burglarized Plaintiff's business in 2005. Docket No. 7 at 1.

Plaintiff also alleges vehicles were made inoperable and battery acid was poured over furniture and the carpet. *Id.*

When Plaintiff requested court-authorized service of process the Magistrate Judge reviewed Plaintiff's complaint and assessed whether the Court had jurisdiction. *See* Docket No. 9.[1] The Magistrate Judge explained to Plaintiff that federal courts have limited jurisdiction and that it was Plaintiff's burden to establish that the Court has either federal or diversity jurisdiction. *See generally id.* The Magistrate Judge's February 24, 2024 order explains that the asserted claims do not invoke federal question jurisdiction. *Id.* at 5–6. The Magistrate Judge further explained that Plaintiff had not properly invoked diversity jurisdiction because all the parties reside in Texarkana, Texas. *Id.* at 6. Because Plaintiff is proceeding *pro se*, the Magistrate Judge nevertheless provided Plaintiff with twenty days to amend his complaint to establish that the Court has jurisdiction over non-frivolous claims. *Id.* at 7.

On February 7, 2024 Plaintiff filed an amended complaint. Docket No. 11. The first five pages of the amended complaint do not appear to relate to the named Defendants in this case. *Id.* at 1–5.[2] Plaintiff again complains that Defendants have been using his home and business for 19 years, have stolen or destroyed Plaintiff's property including his tools, equipment, lawn mowers, furniture, and other physical property. *Id.* Plaintiff alleges that Defendants actions have caused him anxiety, depression, and mental distress and that he is entitled to money damages and the return of his property. *Id.* at 7.

---

[1] Plaintiff's original complaint checked "U.S. Government Plaintiff" as the basis for jurisdiction. Docket No. 1 at 16.

[2] For example, Plaintiff complains that he was removed from the courthouse on February 2, 2024. *Id.* at 2. This complaint, however, has no relevance to his allegations against Defendants.

The Magistrate Judge reviewed the amended complaint to determine whether it established that the Court has jurisdiction. Docket No. 13. Upon review of the amended complaint the Magistrate Judge determined that Plaintiff had not established either federal question or diversity jurisdiction. *Id.* at 6–8. The Magistrate Judge recommended that the above-captioned case be dismissed without prejudice for lack of subject matter jurisdiction. *Id.* at 8. The Magistrate Judge instructed Plaintiff on how to file objections and additionally instructed Plaintiff that this is a *federal* court and that his complaint and amended complaint only raise state law claims. *See id.* at 8–9 ("Message to the *pro se* plaintiff").

## LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court possesses "only that power authorized by [the] Constitution and statute. . . ." *Id*. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). In this case that burden rests on Plaintiff.

Plaintiff may establish jurisdiction through the two basic types of jurisdiction: diversity and federal question. Diversity jurisdiction requires (1) that "the matter in controversy exceed[ ] the sum or value of $75,000," and (2) that the case be between "citizens of different states." 28 U.S.C. § 1332. By contrast, federal question jurisdiction requires that the case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. State law claims typically do not confer federal-question jurisdiction—a federal question exists "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008).

The Court has an "affirmative duty to raise [ ] issues regarding subject matter jurisdiction, *sua sponte*, whenever a problem with subject matter jurisdiction is perceived." *See City of Sachse, Tex. v. Kan. City S. Ry. Co.*, 564 F. Supp. 2d 649, 653 (E.D. Tex. 2008) (citations omitted).

## DISCUSSION

Plaintiff filed objections to the report and recommendation. Docket No. 16.

First, Plaintiff complains that because he did not receive the report until March 18, 2024, he only had 48 hours to file his objections. *Id.* at 1–2.[3] The report explained that within 14 days *of service* a party must serve and file written objections. Docket No. 13 was initially returned as undeliverable (Docket No. 14) so the Court resent the report via certified mail on March 13, 2024. Accordingly, the 14-day period began on the date of service–March 13, 2024—and Plaintiff had more than 48 hours to file his objections. Nevertheless, because Plaintiff is *pro se,* the Court waited 14 days from Plaintiff's date of receipt before reviewing Plaintiff's objections. *See* Docket No. 15. More than 14 days have passed between Plaintiff's receipt of the report but Plaintiff has not filed additional objections. For these reasons, Plaintiff's first objection is without merit.

Second, Plaintiff also objects on the basis that the Court has not yet ruled on his pending motion to appoint counsel (Docket No. 10)[4] and because he was removed from the courthouse when he was requesting copies. Docket No. 16 at 2–3. Plaintiff alleges that denial of access to the Court is a constitutional violation. *Id.* These are improper objections as they do not relate to the report itself. Neither of these objections address the report's recommendation to dismiss for lack of subject matter jurisdiction or the analysis performed therein. The Court does not need to

---

[3] Plaintiff's objections also mention possible mail tampering. *Id.*

[4] Parties do not have a legal right to counsel in civil cases, regardless of their legal sophistication. *Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001).

"conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature." *Baksic v. Ethicon Inc.,* 659 F. Supp. 3d 763, 767 (W.D. Tex. 2023). Here there is nothing in the report to review as to these issues because Plaintiff's objections do not relate to the report's factual or legal analysis.[5] Accordingly, these objections are without merit because they do not establish jurisdiction for the claims asserted against the Defendants.

Finally, Plaintiff's objections reference Defendants twice. Plaintiff asserts that Defendants failed to timely appear even though he served the Complaint and summons. Docket No. 16 at 2. Plaintiff also asserts the following:

> The Marchett[e]s relocated to (1) one of (12) twelve properties owned and worked. (19) nineteen years. Plaintiff's tools. Equipment and materials. (469) years of slavery ancestors stolen. Kid-nap[p]ed. Billion died on the North West Passive! Air travels each year. (1) of (4) element as being seen. Texarkana Water!

*Id.* Plaintiff's objections do not address the report's conclusion that there is not subject matter jurisdiction. Accordingly, these objections are without merit. Plaintiff has not met his burden to show that this Court—a *federal* court— has the authority to hear his *state* law claims against Defendants.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 16) are **OVERRULED**. It is further

---

[5] Plaintiff also makes allegations concerning his son and government officials that the Court need not address because these allegations have no connection to Defendants. Docket No. 16 at 3–4.

**ORDERED** that the Report of the Magistrate Judge (Docket No. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**So ORDERED and SIGNED this 19th day of April, 2024.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE